IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JESUS VEGA, #R-21806, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | No. 14-cv-01396-NJR |
| | ) | |
| MICHAEL ATCHISON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## AGREED PROTECTIVE ORDER

This matter coming to be heard on the parties' Agreed Motion for a Protective Order, the Court and all parties being fully advised in the same, and good cause having been shown, IT IS HEREBY ORDERED:

1. Records of Inmate Jesus Vega produced, and later to be produced, to Plaintiff's counsel in this cause of action entitled "Notice of Administrative Detention Placement Review, DOC 0432," "Administrative Detention Review, DOC 0417," and related attachments, shall be designated "Confidential Materials." Documents shall state "Confidential Material – FOR ATTORNEY'S EYES ONLY."

2. Confidential Material shall be disclosed or made available only to the following persons: (a) counsel of record or other licensed attorneys participating in the litigation; and (b) personnel who are specifically assisting in this litigation, provided that such individuals are not current or former inmates in the Department of Corrections (the "Department").

3. Plaintiff's counsel may not show or otherwise disclose Confidential Material, or information within the documents, to the Plaintiff, Jesus Vega, for any reason without prior written permission from the Department or further order of this Court.

4. Persons designated in paragraph 2 shall not use, disclose or disseminate any

Confidential Material other than for purposes directly related to this litigation and shall not disclose or disseminate Confidential Material to any others not listed in paragraph 2, without prior written permission of the Department or by order of the Court.  Persons to whom Confidential Material is revealed shall be subject to the jurisdiction of the court for purposes of enforcement or a violation of this Order.  Such persons shall be subject to such relief as is deemed appropriate by the Court, including sanctions.

5. A person designated in 2(b) shall not have access to any Confidential Material until he or she has read a copy of this Order and has indicated in writing that he or she has read a copy of this Order, agrees to be bound by it and to be thereby subject to the Court's jurisdiction. Counsel for Plaintiff will maintain copies of all such agreements during the pendency of this litigation but shall not be required to provide such copies to the Department's counsel except upon further order of this Court.

6. In the event any Confidential Material is used in any proceeding herein prior to the trial of this matter, it shall not lose its Confidential status through such use and the parties shall take all steps reasonably required to protect such confidentiality.

7. All Confidential Material shall be kept safely and securely within full custody of counsel or others entitled to access thereto pursuant to this Order.  Additional copies of any Confidential Material may be prepared under supervision of counsel and shall be treated as Confidential and maintained securely.

8. Maintenance of the Confidential status of any such Confidential Material shall be subject to further order of this Court and nothing herein shall preclude any party from applying to the Court for modification of this Order.  The parties reserve the right to make application to the Court upon not less than five days' notice to seek permission to modify the provisions of this

Order.  Counsel shall first seek to resolve by agreement, and without involvement of the court, any disputes regarding confidential designations.

9. After the termination of this litigation, including all appeals, all Confidential Material shall be returned to the Department or destroyed.

**DATED: April 18, 2017**

*/s/ Donald Wilkerson*

**DONALD G. WILKERSON**
**United States Magistrate Judge**